McNULTY, Judge.
This appeal arises from post-judgment garnishment proceedings in which appellants were garnishees.
Appellee, Rocket Wheels, sued Donald and Susan Lafferty and a final judgment for approximately $7,000 was entered in its favor. Personal service had previously been made on the Laffertys.
The judgment was not satisfied and ap-pellee commenced the instant garnishment proceedings. A writ of garnishment was personally served on appellants and they answered admitting a matured purchase money mortgage indebtedness to the Laf-fertys in the sum of $1,000 plus interest. A judgment in garnishment was entered in favor of Rocket Wheels and against appellants in the amount of their admitted indebtedness to the Laffertys. The judgment in garnishment further provided that the mortgage securing the indebtedness be deemed satisfied.
Appellants now assail the judgment in garnishment, not because it requires payment to Rocket Wheels of their indebtedness to the Laffertys, but solely because they fear double exposure in that they contend the court was without authority to declare the aforesaid mortgage satisfied. This is so, they say, because service of the writ of garnishment, or at least notice thereof, was not made on the Laffertys; which is the fact, as the record reveals. We must affirm but allay their fears.
At the outset, however, we point out that Section 77.07(2), Florida Statutes (1974), does provide that:
“On Motion by defendant served within 20 days after service of the writ stating that any allegation in plaintiffs motion for the writ is untrue, this issue shall be tried, and if the allegation in plaintiff’s motion which is denied is not proved to be true, the garnishment shall be dissolved.” (Italics ours.)
*1302 and it may be conceded arguendo that if the Laffertys, as judgment debtors, were aggrieved by a lack of service of notice of the writ upon them, they could void the judgment in garnishment. But appellants were brought into the proceedings by proper service and were thereby chargeable with notice of any potential irregularities in the proceeding. If they were fearful that service of notice of the writ on the Laffer-tys was necessary, there was nothing to prevent them from, on their part, causing notice to be served on the Laffertys even if the court erroneously may have determined such notice to be unnecessary, a question we need not now decide. They cannot complain here, therefore, of lack of service of such notice and the judgment in garnishment, as to them, is valid.
On the other hand, we seriously question the authority of the court, sitting at law in garnishment, to satisfy a mortgage of record even if the Laffertys had indeed been served with notice of the writ.[1] True it is that, had they been served, the Laffertys may well have been estopped by judgment or by record from enforcing the mortgage at least up to the extent of any judgment in garnishment, or from defending to the same extent against a quiet title or cancellation suit brought by appellants. But there is still nothing to prevent appellants if they be in doubt from now seeking to quiet the title or to cancel the mortgage by a proper suit in chancery, a posture they would have been in any way even if the judgment herein had not mentioned the mortgage. The debt itself was still amenable to garnishment. Surely a court of equity will resolve the equities between the parties; so appellants’ fears of double exposure are more imagined than real.
In view whereof, the judgment appealed from should be, and it is hereby, affirmed.
HOBSON, Acting C. J., and OTT, J., concur.

. Certainly, if it were a post-garnishment proceeding in the county court (which is without equity powers), the court couldn’t do it.